

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**EL DORADO OIL & GAS, INC.**                                    **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO.:** 1:22cv248 LG-BWR

**BALDEMAR FRANCISCO ALANIZ and**                              **DEFENDANTS**
**CLAWS FIBER SOLUTIONS, LLC**

---

## COMPLAINT

---

COMES NOW, Plaintiff El Dorado Oil & Gas, Inc., and files this Complaint against Baldemar Francisco Alaniz ("Defendant Alaniz") and Claws Fiber Solutions, LLC ("Defendant Claws Fiber") for breach of contract and conversion.

## PARTIES

1.      Plaintiff is a Mississippi corporation with its principal place of business located at 1261 Pass Road, Gulfport, Mississippi, 39501.  Mr. Thomas Swarek is the President of Plaintiff.

2.      Defendant Alaniz is an individual who resides and/or conducts business at 1216 Airport Road, Alice, Texas, 78332.  Defendant Alaniz may be served with service of process wherever he may be found.

3.      Defendant Claws Fiber is a Texas limited liability corporation with its principal place of business at 1216 Airport Road, Alice, Texas 78332.  Defendant Alaniz is the registered agent for Claws Fiber.

4.      Defendant Alaniz entered into a contract with Plaintiff while in the State of Mississippi.  Services under the contract were to be performed in both Mississippi and Texas. Defendant Claws Fiber, acting through Defendant Alaniz, has exercised his control over, and

FP 45013847.1

converted to his own personal use, the property and equipment of Plaintiff in defiance of Plaintiff's wishes and desires, without accounting for revenues derived from the use of the property or equipment or for payment to Plaintiff for the use of the property or equipment. Defendants will not allow Plaintiff to access or even use part or all of its equipment and property.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and because the amount in controversy is in excess of $75,000, exclusive of interest and costs.

6.      This Court has personal and subject matter jurisdiction over the Defendants and venue is proper in this Court.

## STATEMENT OF FACTS

7.      On June 11, 2021, Plaintiff and Defendant Alaniz entered into a "Letter of Intent." The Letter of Intent was made a contract between Plaintiff and Defendant Alaniz by ratification. There was a meeting of the minds of the parties as to the contract, its scope, and the obligations of the parties to the contract.

8.      The Letter of Intent was signed by Mr. Thomas Swarek as President for Plaintiff and by Defendant Alaniz in his individual capacity and on behalf of companies managed or owned by Defendant Alaniz, including Defendant Claws Fiber.  The Letter of Intent is attached to this Complaint as **Exhibit "A"** ("the Agreement" or "the Contract") which is attached hereto and incorporated by reference.

9.      In November 2019, Defendant Alaniz received a loan from Equify Financial in the amount of $3,488,511.00 at an interest rate of 13.50%.  Defendant Alaniz made payments on

- 2 -

the loan until approximately February 10, 2021, as more specifically set forth in **Exhibit "B"** which is attached hereto and incorporated by reference.

10.    Pursuant to the contract entered into between the parties, and since the date of its inception around June 30, 2011, Plaintiff executed and/or agreed to become a payor on the Equify Financial loan in the approximate amount of $2,400,000.00, payable over forty-eight (48) to sixty (60) months.  Plaintiff was able to re-negotiate the terms of the previously existing loans with Equify Financial.  Since the date of the inception of the Agreement, Plaintiff as made all payments on the loan timely, is current, and continues to remain current.  As a result, Plaintiff has complied with paragraph numbers 1 and 2 of the Agreement attached as Exhibit "A."

11.    Plaintiff is in the process of transferring oil and gas leases to Black Diamond Services, Inc. ("Black Diamond").

12.    Plaintiff owns 51% of the stock of Black Diamond.  Defendant Alaniz owns 49% of the stock of Black Diamond.

13.    Plaintiff, on behalf of Black Diamond, has paid $850,000 for the purchase of two cranes that the Peoples United Equipment & Finance Co. ("Peoples United") had as collateral for a loan that Peoples United issued to Defendant Alaniz. Plaintiff has made monthly payments to Peoples United totaling $850,000 from September 2021 through July 2022.

14.    As a material term to the contract, it was agreed that Plaintiff would be in control of all equipment and business decisions regarding the business of Black Diamond.  Defendant Alaniz expressly agreed to comply with all decisions made by Plaintiff, including any business decisions made for or on behalf of Defendant Claws Fiber.

15.    The right for Plaintiff to control all business decisions also extended to Tri Element, Inc. of Texas, Defendant Claws Fiber, and Titanium Well Service, Inc, a Texas

- 3 -

FP 45013847.1

corporation, two tracts of land that consists of approximately ten (10) acres, and all equipment, trucks, crews, and trailers associated with those entities.

16.    Since August 2022, Defendant Alaniz has been in breach of the contract that he entered into with Plaintiff.  Defendant Alaniz has disregarded the business decisions of Plaintiff regarding the use of equipment, cranes, and has disregarded other business decisions made by Plaintiff, all to the detriment of Plaintiff and, by extension, Black Diamond.

17.    Since August 2022, Defendant Claws Fiber, through the actions of Defendant Alaniz, has converted the property and equipment purchased and owned by Plaintiff.  Defendant Claws Fiber, through the actions of Defendant Alaniz, has used Plaintiff's equipment for its own use, without payment to Plaintiff, and without any accounting for the use of the equipment.

18.    Defendant Claws Fiber, through the actions of Defendant Alaniz, has denied Plaintiff access or use of the property and equipment that Plaintiff owns.

19.    Defendant Alaniz has willfully disregarded the business decisions and instructions of Plaintiff as to the operations of Black Diamond, which has placed all assets of Black Diamond and some assets of Plaintiff at significant risk.

20.    Defendant Alaniz's breach of contract and Defendant Claws Fiber conversion of property and equipment has caused Plaintiff to suffer damages well in excess of $75,000 and could cost Plaintiff over $1 million in damages if the breach of contract is not rectified or remedied.

21.    Pursuant to the Federal Rules of Civil Procedure, Plaintiff reserves the right to amend this Complaint should it discover other relevant facts or discover other improper actions by Defendants for which a cause of action may be maintained.

FP 45013847.1

## PRAYER FOR RELIEF

Plaintiff respectfully prays that the Court cause service to issue upon Defendants and this matter be set for a jury trial. Upon trial thereon, Plaintiff prays that the following relief be granted:

a. All damages (compensatory, punitive, economic, liquidated) that may be awarded for Defendant Alaniz's breach of contract with Plaintiff, as determined by a jury;

b. All damages (compensatory, punitive, economic, liquidated) that may be awarded for the conversation of Plaintiff's property and equipment by Defendant Claws Fiber, as determined by a jury;

c. All costs, disbursements, pre-judgment interest, post-judgement interest, expert witness fess and reasonable attorneys' fees allowed for a breach of contract and conversion;

d. An Order from the Court relieving Plaintiff of its obligations under the promissory note described above, and making Defendants solely responsible for the repayment of the promissory note;

e. An Order from the Court requiring that Defendant Alaniz immediately repay to Plaintiff the loan in the amount of $850,000 that was then used to payoff or refinance two cranes, as described above. Alternatively, an Order from the Court requiring that Defendant Alaniz and Defendant Claws Fiber immediately allow access to and/or return all of Plaintiff's property and equipment and to cease its unlawful conversion of Plaintiff's property.

f. Such further relief as is deemed equitable and just and proper.

This the 14th day of September 2022.

- 5 -

- 6 -

Respectfully submitted for Plaintiff,

s/Steven R. Cupp
Steven R. Cupp, Esq. (MSB# 99975)
FISHER & PHILLIPS LLP
2505 14th Street, Suite 300
Gulfport, Mississippi 39501
(228) 822-1440 - Telephone
(228) 822-1441 - Facsimile
scupp@fisherphillips.com

FP 45013847.1