United States District Court
Southern District of Texas
**ENTERED**
November 14, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EL DORADO OIL & GAS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00025 |
| | § | |
| BALDEMAR FRANCISCO ALANIZ, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

For the reasons discussed below, the undersigned recommends that the district court DISMISS Plaintiff El Dorado Oil & Gas, Inc.'s lawsuit against defendant Baldemar Francisco Alaniz. Plaintiff, a corporation, is not represented by counsel, cannot proceed *pro se*, and failed to retain counsel despite a court order to do so.

On September 20, 2024, the district court granted Plaintiff's counsel's motion to withdraw. (Doc. No. 58.) Plaintiff has not yet obtained new counsel to prosecute its claims against Defendant. The Court held a status conference on October 9, 2024. Counsel for Defendant attended, as did the Third-Party Defendant, Thomas Swarek, *pro se*. Mr. Swarek is also the president of Plaintiff, a corporation. The Court advised Mr. Swarek that the plaintiff corporation cannot proceed *pro se*. Mr. Swarek advised the Court that he is in the process of seeking counsel to represent both himself and the plaintiff corporation. He did not indicate any particular difficulty or hardship in finding counsel.

In a written order issued after the status conference, the Court admonished Plaintiff (the corporation) to obtain new counsel licensed to practice in this jurisdiction to prosecute this matter not later than November 12, 2024, or face dismissal. (Doc. No. 71.) The Court stated that

1 / 4

to comply with this directive, counsel must enter an appearance with this Court. *Id.* The Court directed the Clerk to serve the order by email and by certified mail, return receipt requested. *Id.*

Plaintiff has failed to comply with the Court's order. No counsel has entered an appearance on behalf of Plaintiff. Plaintiff has not requested an extension of the Court's deadline, and has taken no other steps to advance its claims.

A corporation "as a fictional legal person can only be represented by licensed counsel." *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (citation omitted); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). Here, Plaintiff is unable to represent itself in court and has failed to comply with a court order to obtain counsel – an order that was expressed orally in open court and again in writing after the status conference.

The district court should therefore dismiss this case without prejudice, *sua sponte*, pursuant to Federal Rule of Civil Procedure 41(b). That rule permits dismissal for failure to comply with the terms of a court order. *See Navarro v. Community Care Partners, LLC*, No. 3:23-cv-2815, 2023 WL 2988947, at *3 (N.D. Tex. May 1, 2024), *adopted*, 2024 WL 3850815 (N.D. Tex. Aug. 16, 2024) (citing *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This includes orders to retain counsel. *See Transatlantica Commodities Pte Ltd., v. Hanwin Shipping Ltd.*, No. 4:22-cv-1983, 2023 WL 8007125, at *1 (Sheldon, M.J.), *adopted*, 2023 WL 8007996 (S.D. Tex. Nov. 16, 2023). Here, Plaintiff has prevented the prosecution of this case by remaining unrepresented by counsel despite the Court's order, and may not proceed without representation. *Cf. Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 n.4 (5th Cir. 2004) (citing *Transportes Aereos de Angola v. Ronair, Inc.*, 104 F.R.D. 482, 504-05 (D. Del. 1985)) (Rule 41(b) authorizes dismissal for failure to comply with court order to obtain counsel).

The scope of a court's discretion to dismiss under Rule 41(b) is narrower when that dismissal is with prejudice or when a statute of limitations would bar re-prosecution of an action dismissed without prejudice. *See Brown v. King*, 250 F. App'x 28, 29 (5th Cir. 2007). Here, however, Plaintiff's breach of contract action does not appear to be barred by limitations under either Texas or Mississippi law, given Plaintiff's allegation that Defendant breached the relevant contract starting in August 2022. *See* Doc. No. 31, p. 7 ¶ 31; Tex. Civ. Prac. & Rem. Code § 16.051 (four-year statute of limitations for breach of contract);[1] Miss. Code Ann. § 15-1-49 (three-year statute of limitations for breach of contract, because no other limitations period specified by state law). The conversion claim, however, might be barred by limitations if Texas law applies. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) (two-year limitations period); *but see Anderson v. LaVere*, 136 So.3d 404, 411 (Miss. 2014) (Miss. Code. Ann. § 15-1-49 applied three-year limitations period for conversion actions).

In any event, the undersigned's consideration of Plaintiff's conduct in the progress of this case indicates that Plaintiff's failure to retain counsel has caused unreasonable delay. Counsel for Defendant indicated during the status conference that the Plaintiff has not taken steps to prosecute this case for months, since its transfer to this district. Defendant has gone to the time and expense of retaining counsel in this district, who attended the status conference, but Plaintiff has not complied with the Court's order to secure counsel in order to prosecute this case further. *Cf. Liberty Synergistics, Inc. v. Microflo, Ltd.*, No. 11-CV-00523, 2017 WL 9512403, at *2-3 (E.D.N.Y. May 11, 2017), *adopted*, 2017 WL 4119628 (E.D.N.Y. Sept. 18, 2017). A lesser sanction than dismissal without prejudice would not serve the interests of justice by prompting

---

[1] *See Sheet Pile, L.L.C. v. Plymouth Tube Co., USA*, 98 F.4th 161, 166 & n.7 (5th Cir. 2024) (citing *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (per curiam)).

diligent prosecution.  *See Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014); *Price v. McGlathery*, 792 F.2d 472, 475 (5th Cir. 1985).  The district court should therefore dismiss Plaintiff's claims without prejudice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.  A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See Douglass v. United Servs.  Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

The Clerk is DIRECTED to serve this memorandum and recommendation on Plaintiff by email at swarekthomas@aol.com and roselyn.chapman@eldoradogasoilinc.com, and by certified mail, return receipt requested, at 1261 Pass Road, Gulfport, Mississippi 39501.

ORDERED on November 14, 2024.

_____
MITCHEL NEUROCK
United States Magistrate Judge